

# NUMBERS 13-13-00605-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GERALD DEE BELL,**  **Appellant,**

**v.**

**THE STATE OF TEXAS,**  **Appellee.**

---

## On appeal from the 147th District Court
of Travis County, Texas.[1]

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Gerald Dee Bell, was convicted of capital murder and sentenced to life

imprisonment in the Texas Department of Criminal Justice, Institutional Division. *See*

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Third Court of Appeals in Austin, Texas. *See* TEX. GOV'T. CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

TEX. PENAL CODE ANN. § 19.03(a)(1) (West, Westlaw through 2013 3d C.S.).   Appellant's

court-appointed counsel has filed an *Anders* brief.   *See Anders v. California*, 386 U.S.

738, 744 (1967).   We affirm.

## I.  ANDERS BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel

has filed a brief and a motion to withdraw with this Court, stating that his review of the

record yielded no grounds of error upon which an appeal can be predicated.   *See id.*

Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation

demonstrating why there are no arguable grounds to advance on appeal.   *See In re*

*Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief

need not specifically advance 'arguable' points of error if counsel finds none, but it must

provide record references to the facts and procedural history and set out pertinent legal

authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus

Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel

Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014),

appellant's counsel carefully discussed why, under controlling authority, there is no

reversible error in the trial court's judgment.   Counsel has informed this Court, in writing,

that counsel has:   (1) notified the appellant that counsel has filed an *Anders* brief and a

motion to withdraw; (2) provided the appellant with copies of both pleadings; (3) informed

appellant of appellant's right to file a pro se response,[2] review the record preparatory to

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with
the rules of appellate procedure in order to be considered. Rather, the response should identify for the court

filing that response, and seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record, lacking only the appellant's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318-19, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

Pro se appellant timely filed a motion for access to the appellate record. On October 2, 2014, the court received verification of receipt of the record by pro se appellant, making the pro se response due on November 5, 2014. Pro se appellant then filed two motions for extension which this Court granted, making the pro se response due on March 3, 2015. On March 3, 2015, pro se appellant filed his pro se response,[3] asserting two potential issues: (1) the trial court abused its discretion by allowing, over objection, inadmissible hearsay testimony of Della Phillips, Aaron Kelly, Michele Redic, and Quintera Redic; and (2) the evidence is insufficient for the conviction of capital murder. In this regard, appellant's counsel also requested that we consider whether the trial court erred by overruling the above testimonial hearsay objections.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S.

---

those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[3] Pro se appellant's responsive brief is entitled "Pro Se Motion to Reinstate Appeal *Anders* Brief Response." The appeal is still pending before this court. As such, the motion is dismissed.

3

75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record, appellant's counsel's brief, appellant's responsive brief, and the State's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. After review, we have concluded that there is no reversible error in the record.[4] Accordingly, the judgment of the trial court is affirmed.

---

[4] The State presented overwhelming evidence that appellant committed the murder including appellant's physical presence at the scene of the crime on the victim's balcony covered in blood; two recorded telephone conversations during which appellant admitted to the murder; and multiple letters in which appellant also admitted to the murder. The State allegedly solicited hearsay testimony at trial to prove that "Mr. Bell's entry into the apartment on the night of the murder constituted burglary." Non-objectionable evidence is included in the record to support the burglary allegation, and the designated testimony would not be sufficient grounds for reversible error.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[5] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of March, 2015.

---

[5] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3, and petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.